IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BHEP GP I, LLC; BHEP GP II, LLC; BHEP GP II-B, LLC; BHEP GP III, LLC; BAY HILLS CAPITAL MANAGEMENT, LLC; BAY HILLS EMERGING PARTNERS I, L.P.; BAY HILLS EMERGING PARTNERS II, L.P.; BAY HILLS EMERGING PARTNERS, II-B, L.P.; and BAY HILLS EMERGING PARTNERS III, L.P., | § § § § § § § § § § § | No. 352, 2018 |
| Plaintiffs Below-Appellants, | § § § | Court Below: Court of Chancery of the State of Delaware |
| v. | § § | C.A. No. 2018-0234 |
| KENTUCKY RETIREMENT SYSTEMS; KENTUCKY RETIREMENT SYSTEMS INSURANCE FUND; and KENTUCKY RETIREMENT SYSTEMS PENSION FUND, | § § § § § § § § | |
| Defendants Below-Appellees. | § § | |

Submitted: July 23, 2018
Decided: August 1, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **O R D E R**

Upon consideration of the notice of interlocutory appeal and the supplemental notice of interlocutory appeal, it appears to the Court that:

(1)     The plaintiffs below ("the Plaintiffs") are four Delaware limited partnerships and their respective general partners.  They filed the action below against the limited partner and two related entities ("the Defendants") to obtain declarations that the general partners were improperly removed and that they continue as the rightful managers of the limited partnerships.  The Defendants moved to dismiss the complaint on the ground that a forum selection clause in the relevant entity agreements requires the Plaintiffs to litigate the dispute in Kentucky.  The Court of Chancery issued a memorandum opinion on July 2, 2018 ("the Memorandum Opinion"), denying the Defendants' motion to dismiss on the ground that the purported forum selection clause was a permissive consent to jurisdiction clause.  But, the Memorandum Opinion stayed the Delaware action in favor of a contemporaneous action[1] filed by the Defendants in Kentucky.

(2)     The Plaintiffs filed an application for certification to take an interlocutory appeal of the Memorandum Opinion in the Court of Chancery on July 6, 2018.  The Appellees filed their response in opposition on July 16, 2018.

(3)     The Court of Chancery denied the certification application on July 23, 2018.  In denying certification, the Court of Chancery noted that the Memorandum

---

[1] *See* Memorandum Opinion at 16-17.  The Court of Chancery noted that the Delaware action was filed eight days before the Kentucky action.  But, exercising its discretion under settled Delaware law, the Court of Chancery chose not to afford first-filed deference to the Delaware action and instead deemed the lawsuits simultaneously-filed.

Opinion did not, as the Plaintiffs argued, involve a novel question of law or create a conflict in the law. The Court also rejected the Plaintiffs' argument that interlocutory review would serve considerations of justice. As the Court noted, the Kentucky and Delaware actions overlap substantially, the parties are functionally identical, and both actions require resolution of contract claims involving a complex long-term relationship between parties who agreed that their disputes would be decided under Kentucky law. Under the circumstances, the Court of Chancery held that the Memorandum Opinion involved an exercise of the Court's discretion, did not decide "a substantial issue of material importance,"[2] and did not warrant interlocutory review before the entry of a final judgment.

(4) The grant or denial of an application for interlocutory review is within the Court's discretion. This case involves a dispute over the governance of a Delaware limited partnership with an unusual governing agreement that contains not just a choice of forum clause pointing to Kentucky, but also a choice of law provision pointing to Kentucky. Contemporaneous litigation in Kentucky is ongoing, and the Court of Chancery exercised its discretion to stay the case in light of that litigation, and to avoid the potential for conflicting rulings and inefficiency. Recognizing that the rare admixture created by the partnership agreement could give rise to potentially important public policy issues depending on the ultimate direction the disputes

---

[2] Del. Supr. Ct. R. 42(b).

3

among the parties take, and without signaling any agreement or disagreement with any part of the Court of Chancery's decision to stay that might be viewed as relevant to those potential issues, we decline to accept an interlocutory appeal to consider whether to second-guess its view that it was prudent and efficient to stay this action. Precisely because this is such an unusual situation, the Court of Chancery did not reach any of the embedded issues, and the parties did not brief them, accepting this appeal seems to us to hazard more than it promises in terms of justice. At bottom, the Vice Chancellor simply stayed his case in favor of a contemporaneous action pending in another forum, and one which both parties, even the plaintiffs who filed in Delaware, admit has a legitimate interest in the matter given the unusual provisions in the partnership agreement, provisions the plaintiffs have never objected to or challenged as invalid, even as of the time they filed their Delaware action.

NOW, THEREFORE, IT IS HEREBY ORDERED that the within interlocutory appeal is REFUSED. The Plaintiffs' motion to expedite is moot.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

4